**Michael J. Farrell, OSB No. 902587**
mfarrell@mblglaw.com
MB LAW GROUP, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile:  503-914-1725

**Chris Fowler, OSB No. 052544**
chrisfowler@umpquabank.com
Umpqua Holdings Corporation
1 SW Columbia St.
Portland, OR 97204
Telephone:  503-727-4295

    Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UMPQUA BANK, an Oregon state-chartered bank,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. BANK, N.A., a national banking association,<br><br>    Defendant. | Case No. 3:20-cv-00974<br><br>**COMPLAINT**<br>Violation of O.R.S. 73.0411 (U.C.C. 3-411)<br><br>JURY TRIAL DEMANDED |

    Plaintiff, Umpqua Bank, by and through its attorneys, brings this action for damages against Defendant U.S. Bank, N.A. ("U.S. Bank") and states and alleges as follows:

Page 1 -    COMPLAINT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

## NATURE OF THE CASE

1. Defendant, U.S. Bank, wrongfully refused to pay on three cashier's checks it issued payable to Plaintiff, Umpqua Bank. Upon learning of U.S. Bank's wrongful dishonor, Umpqua Bank sent multiple demands to U.S. Bank that U.S. Bank immediately honor its obligations by paying the three cashier's checks as required under the Uniform Commercial Code.

2. Despite Umpqua Bank's demands described in Paragraph 1 above, U.S. Bank has failed to honor its obligations by paying the cashier's checks and, in fact, has failed to respond in any manner to Umpqua Bank's demands.

## PARTIES

3. Umpqua Bank is an Oregon state-chartered bank.

4. Defendant U.S. Bank is a national banking association organized under the laws of the United States of America, with headquarters located in Minneapolis, Minnesota.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is an action between citizens of different states where the amount in controversy exceeds $75,000 exclusive of fees and costs. The total amount of the wrongfully dishonored cashier's checks is $97,254.00, exclusive of recoverable interest and expenses.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff's principal place of business is in this District, and the court has personal jurisdiction over Defendant US Bank as a corporation under 28 U.S. Code § 1391.

Page 2 -    COMPLAINT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

## FACTUAL ALLEGATIONS

7. As of October 1, 2019, Best Med Transportation, Inc. ("Best Med Transportation"), a California corporation based in Glendale, California, maintained at least two business checking accounts with Umpqua Bank.

8. On or about October 1, 2019 Best Med Transportation caused to be deposited into two of its checking accounts at Umpqua Bank three (3) cashier's checks from defendant U.S. Bank, drawn on U.S. Bank's account, in the amounts of $36,600.00, $30,542.00 and $30,112.00. Copies of the checks are attached as Exhibits 1, 2 and 3.

9. Umpqua accepted the three cashier's check for value, in good faith, and without any notice of any defenses to the checks or that they had been dishonored.

10. On or about October 3, 2019, Defendant U.S. Bank wrongfully refused to pay the cashier's checks and returned them to Umpqua Bank marked "Refer to Maker."

11. On October 17, 2019, Umpqua Bank sent a letter to U.S. Bank (the "Letter") informing U.S. Bank that it had breached its warranties under Section 3-312 of the Uniform Commercial Code (O.R.S. § 73-0312) and demanding immediate payment of the cashier's checks pursuant to Section 3-411 (O.R.S. §73.0411). A copy of the Letter is attached as Exhibit 4. U.S. Bank did not respond to the Letter.

12. On October 31, 2019, Umpqua Bank sent a second letter to U.S. Bank (the "Second Letter"), which Second Letter again informed U.S. Bank of its improper return of the three cashier's checks that U.S. Bank had issued to Umpqua Bank and again demanded immediate payment of the total amount of the three checks. A copy of Umpqua Bank's

Page 3 -    COMPLAINT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

October 31, 2019, Second Letter is attached as Exhibit 5. U.S. Bank has not responded to the Second Letter.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (UCC 3-411)

13. Plaintiff realleges and incorporates by reference paragraphs 1-12.

14. The Uniform Commercial Code governs the payment of cashier's checks, and the relevant provision is codified in Oregon as O.R.S. § 73.0411.

15. Under O.R.S. § 73.0411(1), an "obligated bank" means the issuer of a cashier's check. Defendant U.S. Bank is an "obligated bank" under the facts described in paragraphs 1-12 above because it is the issuer of the three wrongfully returned cashier's checks.

16. Under O.R.S. § 73.0411(2), "[i]f the obligated bank wrongfully refuses to pay a cashier's check or certified check, stops payment of a teller's check, or refuses to pay a dishonored teller's check, the person asserting the right to enforce the check is entitled to compensation for expenses and loss of interest resulting from the nonpayment and may recover consequential damages if the obligated bank refuses to pay after receiving notice of particular circumstances giving rise to the damages." Defendant U.S. Bank has violated O.R.S. 73.0411(2) by wrongfully refusing to pay the three cashier's checks it issued to Umpqua Bank.

17. As a result of Defendant U.S. Bank's violations of O.R.S. 73.0411(2), Umpqua Bank has been damaged in the amount of $97,254.00, plus interest thereon at the Oregon statutory rate of nine percent (9%) from October 1, 2019, until paid.

Page 4 -    COMPLAINT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

18. As a result of Defendant U.S. Bank's violations of O.R.S. 73.0411(2), Umpqua Bank is entitled to recover its expenses, including its reasonable attorney fees and costs, resulting from U.S. Bank's non-payment of the three cashier's checks.

## PRAYER FOR RELIEF

NOW, THEREFORE, Plaintiff requests judgment in their favor against Defendant as follows:

1. On Plaintiff's First Claim for Relief, for actual damages in the amount of $97,254.00, plus interest thereon at the Oregon statutory rate of nine percent (9%) from October 1, 2019, until paid.

2. Attorney fees, costs, and disbursements as provided under any applicable doctrine or equity; and

3. An award of such other and further relief as the Court may deem appropriate.

DATED: June 17, 2020.

  s/ Michael J. Farrell
Michael J. Farrell, OSB No. 902587
mfarrell@mblglaw.com
MB LAW GROUP, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Chris Fowler, OSB No. 052544
chrisfowler@umpquabank.com
Umpqua Holdings Corporation
1 SW Columbia St.
Portland, OR 97204
Telephone: 503-727-4295

Attorneys for Plaintiff

Page 5 -    COMPLAINT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR  97204
Telephone: 503-914-2015
Facsimile: 503-914-1725